UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20866-CR-ROSENBAUM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARLOS LUNA RAMIREZ,

        Defendant.
_____/

ORDER ADOPTING REPORT AND RECOMMENDATION
ON SECOND MOTION TO SUPPRESS [ECF NO. 46]

This matter is before the Court on the Report and Recommendation of the Honorable Alicia Valle regarding Defendant Carlos Luna Ramirez's Motion to Suppress Physical Evidence [ECF No. 46]. In his Motion to Suppress, Defendant sought to suppress evidence seized from his room during the execution of a search warrant at the house where Defendant rented his room. Defendant claimed that the search violated his Fourth Amendment rights because the search warrant pertained to the house as it related to the house's owners and not to Defendant's separate residence within the house, and law enforcement was obligated to obtain a separate search warrant for Defendant's room, which it did not do.

Following an evidentiary hearing, Judge Valle recommended that the Motion be denied. Defendant Carlos Luna Ramirez has filed Objections to the Report and Recommendation [ECF No. 48], and the Government has filed its Response to Defendant's Objections [ECF No. 50]. The Court has conducted a *de novo* review of the record and has held an additional evidentiary hearing. For

the reasons set forth below, the Court now adopts the Report and Recommendation and denies Defendant's Motion to Suppress Physical Evidence.

## I.  Background and Factual Findings

The factual background pertaining to this case and to the search warrant at issue is thoroughly set forth in Judge Valle's Report and Recommendation and will not be repeated here.  During the evidentiary hearing that this Court held on Defendant's Objections to the Report and Recommendation, the following additional facts came to light:

The investigation before the execution of the search warrant revealed that only one Internet account operated out of the Target Premises and that only secured networks operated within the range of the Target Premises.

At the address identified on the search warrant, agents found a single-residence home and an efficiency unit located in the back of the house but connected to the main structure.  The efficiency unit had its own separate entrance, which had a lock on it, although it happened to be unlocked at the time of the search.  Defendant did not live in the efficiency.  Instead, in the course of the execution of the search, Special Agent Timothy Devine became aware that Defendant rented a single room within the main house, but Agent Devine was unsure of precisely when in the sequence of search events he learned this information.  Although Jara and the other residents of the house claimed that they did not enter Defendant's bedroom, Defendant's bedroom door had no lock or other physical bar to entry and was open, and Defendant used the common areas of the rest of the house, as his room had no bathroom, sink, kitchen, or other facilities.

During the search, agents found four computers: one in the living room of the main house, one in Defendant's room, and two in the efficiency.  Based on his several years of experience

investigating cases involving child pornography, Agent Devine testified, he had learned that, as a general rule, people who view child pornography tend to do so while they are situated in private areas, as opposed to in public or common areas. Thus, Agent Devine determined that a significantly greater likelihood existed that child pornography would be found on the computer in Defendant's room than on the computer in the living room, so the team first searched the computer in Defendant's room. After the search revealed child pornography on the computer in Defendant's room, Agent Devine arranged for the living-room computer to be searched, which, consistent with Agent Devine's experience, did not turn up child pornography. In the meantime, Defendant confessed that he had possessed child pornography on the computer in his room, but all other residents denied having possessed child pornography. As a result, law enforcement did not search the two computers in the efficiency.

## *II. Discussion*

In her Report and Recommendation, Judge Valle concluded that probable cause supported the issuance of a search warrant for the entire residence at 1495 Northeast 180th Street and that law enforcement did not exceed the scope of the search warrant when it seized the computer located in Defendant's room. *See* ECF No. 35-1 at 5-10. Judge Valle further determined that the Target Premises consisted of a single-family residence — not a multi-unit dwelling — and the search warrant had authorized a search of the entire premises, including Defendant's room.

Defendant objects to Judge Valle's conclusions, urging that, regardless of whether the search warrant authorized a search of the entire premises located at 1495 Northeast 180th Street, a material change in the probable cause supporting the search warrant occurred when law enforcement discovered during the search warrant that Defendant paid rent to live in his room at the Target

Premises.  *See* ECF No. 48.  According to Defendant, *United States v. Perez*, 484 F.3d 735 (5th Cir. 2007)*,* required the Government to obtain a second search warrant to search Defendant's room. Defendant further objects to Judge Valle's determination that, even if a violation of Defendant's Fourth Amendment rights occurred, the evidence should not be suppressed under the "good faith" exception to the suppression rule.  *See* ECF No. 48 at 7-8.  This Court respectfully overrules Defendant's Objections.

*A.  The Search Warrant Authorized a Search of the Entire Property at the Target Premises*

First and foremost, the affidavit and search warrant in the pending matter differ in important ways from those involved in *Perez*.  Here, the affidavit clearly demonstrates that, while law enforcement identified J.J. as being associated with the IP address and physical address to be searched, law enforcement anticipated that other residents of 1495 Northeast 180th Street could have been the transmitters of the child pornography and therefore sought authorization to search any and all computers found at the Target Premises, regardless of who may have owned them.

In this regard, the affidavit expressly notes that at least three other people had been associated with the Target Premises, *see* ECF No. 35-1 at ¶ 48.  In addition, the affidavit states, "I am requesting authority to search the **entire** Target Premises, including the residential dwelling, any storage unit assigned to that dwelling, and **any computers or electronic media found therein** . . . ." *Id.* at ¶ 5 (emphasis added).  It further seeks authorization to search digital software and hardware to "reveal information about the authorized or unauthorized use of Internet connection at the residence."  *Id.* at ¶ 54.  Similarly, the affidavit indicates a need to look on computers and other electronic media devices for "file, logs or file remnants which would tend to show ownership and use of the device as well as ownership and use of Internet service accounts used for the Internet or

cellular data network access." *Id.* at ¶ 55. And the affidavit concludes with two paragraphs plainly setting forth the broad scope of the search warrant sought:

> 57. Based upon the information provided above, your Affiant respectfully submits that ***probable cause exists to believe that there has been a violation of Title 18, United States Code, Sections 2252 and 2252A***, and that contraband, as well as fruits, instrumentalities, and evidence of said violation exists at the Target Premises . . . and in computers or other electronic media therein.
>
> 58. Your Affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search of the Target Premises, and ***any computers or other electronic media therein***, and the seizure of any items described in Attachment B.

*Id.* (emphasis added). Significantly, although search-warrant affidavits often allege that probable cause exists that a particular person has violated the law, paragraph 57 of the affidavit here, which describes the proposed probable cause that exists to support the search warrant, conspicuously does not identify an alleged wrongdoer. Instead, it submits simply that a violation of the child-pornography laws has occurred.

Finally, it is noteworthy that the affidavit refers to all residents, including J.J., by their initials, not their names. Particularly in light of the nature of the offenses under investigation through the search warrant at issue, this Court understands law enforcement's use of this convention to signal that law enforcement does not have probable cause to identify one person in particular as the likely perpetrator and that it therefore wishes to avoid unnecessarily associating the names of persons who might be innocent with the charges under investigation. In short, a review of the search warrant and its supporting affidavit reveals that the affiant sought and the Court authorized a search of the entire premises and all computers at 1495 Northeast 180th Street, regardless of whether a

person living in an unlocked room at that address happened to pay rent to other occupants of the house.

In contrast, the officers in *Perez* obtained a search warrant for a residence based on little more than the fact that an IP address assigned to Javier Perez, who resided at the physical address to be searched, had transmitted child pornography over the Internet. *See Perez*, 484 F.3d at 738. Nothing in *Perez* indicates that the affidavit supporting the *Perez* search warrant included information that others also resided at the target address. Nor does anything in *Perez* suggest that the government purported to have probable cause that someone other than Perez might have conducted the child-pornography transmission. As a result, unlike the search warrant in the instant matter, the *Perez* search warrant was never intended to apply to all computers found at the address to be searched, regardless of the circumstances in which they were found. Thus, *Perez*'s discussion of whether a second search warrant is necessary when circumstances encountered during the execution of a warrant cause a material change to the probable cause underlying the warrant does not apply here, as the circumstances that law enforcement found at 1495 Northeast 180th Street did not differ in any material way from the facts as set forth in the affidavit.[1]

---

[1] Even if a material alteration of the facts supporting probable cause had occurred, *Perez* suggests that the court must then evaluate the affidavit supporting the search warrant, along with the supplemental information learned at the site of the search, to determine whether it "clearly establishes, by a fair probability," that the search would produce evidence of the alleged crime, and, thus, whether probable cause supports the search. 484 F.3d at 743 (citation and quotation marks omitted). Here, it would. In addition to the fact that Defendant paid rent to live in his room, the other information of which the officers were aware included the following: (1) neither J.J. nor any of the other residents of the main house had a computer other than the one in the common living-room area; (2) Defendant had no lock on his door, so the other residents of the house could have accessed his computer, although they claimed not to have done so; (3) individuals who violate the child-pornography laws generally tend to do so in areas that are not public, so it was unlikely that the sole computer to which J.J. and the other occupants of the main house had access was used to violate the child-pornography laws (and, in fact, a later search of

### B.  The Search Warrant Was Supported by Probable Cause

In view of the fact that the affidavit and search warrant at issue in the instant case anticipated that all computers located at the address 1495 Northeast 180th Street were subject to search under the warrant, regardless of where in the residence they were found, the Court must consider whether the search warrant as issued was supported by probable cause.  The Court concludes that it was.

Among the facts set forth in the affidavit in support of the search warrant, law enforcement alleged that it had downloaded video files containing child pornography from a computer user on a file-sharing network.  ECF No. 35-1 at ¶¶ 32-40.  In addition, law enforcement asserted, the IP address used by the computer that had shared the child-pornography folders had advertised approximately 130 unique files bearing hash values of known child pornography over a nearly two-month period.  *Id.* at ¶ 40.  Law enforcement determined that the IP address in question had been assigned to an individual with the initials "J.J.," who law enforcement described as "resid[ing] at the Target Premises."  *Id.* at ¶¶ 41-42.

The affidavit further noted that a database search had revealed that "J.J.'s home address was listed as [the Target Premises]" and that the car parked in front of the Target Premises was registered to J.J. at the Target Premises.  *Id.* at ¶¶ 46, 47.  As previously discussed, the affidavit also posited that other individuals might also reside at the Target Premises — more specifically, the affidavit alleged, database searches had revealed that individuals with the initials "J.J.P," "J.L.A.C.," and "H.B.P." perhaps also lived at the residence to be searched.  *Id.* at ¶ 48.  And the affidavit alleged

---

the living-room computer revealed no child pornography); (4) only a single Internet service provider account served the entire residence; and (5) Defendant had no sink, no bathroom, and no kitchen within his room, and he shared the rest of the common areas of the house with everyone else at the house.

that secured networks were discernible at the southwestern part of the Target Premises. *Id.* Thus, the affidavit set forth facts establishing probable cause that a computer using an IP address billed to a person who appeared to live at the Target Premises was being used by an unidentified person at the Target Premises to transmit child pornography. Or, in other words, just as paragraph 57 of the affidavit claimed to do, the affidavit established probable cause that a violation of the child-pornography laws had occurred from within the Target Premises.

### C. Even If the Search Warrant Were Invalid, the Good-Faith Exception Precludes Suppression

Finally, even if the search warrant were overly broad or otherwise deficient — a finding that this Court does not make — the good-faith exception to the exclusionary rule would preclude suppression. In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate judge generally should not be suppressed under the exclusionary rule if it turns out later that the magistrate judge erred in finding probable cause. *Id.* at 922. This rule does not apply only where the magistrate judge has completely abandoned his detached and neutral role or where the affiant was dishonest or reckless in preparing his affidavit, or he could not have "harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926. None of these circumstances exist here.

First, nothing indicates that the magistrate judge abandoned his detached neutral role. Nor does Defendant make such an allegation. Second, Defendant has pointed out no inaccuracies contained within the 27-page affidavit at issue here, nor has the Court been able to identify any. To the contrary, the affiant candidly suggested that probable cause existed only that someone — but not who — had violated the child-pornography laws from the Target Premises, and the affiant sought authorization to conduct a search of the entire Target Premises to identify who the perpetrator of the

child-pornography transmissions was. Under these circumstances, the officers could reasonably rely on the validity of the search warrant as issued for the entirety of the Target Premises, regardless of whether Defendant happened to pay rent for his room to the other occupants of the house in which they all lived.

### *III.  Conclusion*

For the foregoing reasons, Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**, and Judge Valle's Report and Recommendation is **ADOPTED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 4th day of March 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:      Counsel of Record